IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,073-02






EX PARTE STEPHEN EDWARD TATRO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM WALLER COUNTY

IN CAUSE NO. 00-07-10538

IN THE 155TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of murder and sentenced to confinement for fifty years. Applicant's conviction
was affirmed on appeal. Tatro v. State, No. 01-01-00523-CR (Tex. App.--Houston [1st
Dist.], delivered April 17, 2003, pet. ref'd).

 Applicant contends that counsel was ineffective for not challenging the State's
hearsay objections and that the trial court erred in not submitting a lesser-included offense
charge to the jury. The trial court has not entered findings of fact or conclusions of law. We
believe that Applicant has alleged facts that, if true, might entitle him to relief. Therefore,
it is this Court's opinion that additional facts need to be developed, and because this Court
cannot hear evidence, the trial court is the appropriate forum. The trial court shall resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from counsel, or it may order a hearing. In the
appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel challenged the State's hearsay objections to testimony from Rusty
Tatro, Richard Casper, Ken Young, and Al Barrett involving the violent character of the
victim. If the trial court determines that the State's objections were not challenged, the trial
court shall make findings of fact as to whether counsel was ineffective. The trial court shall
also make findings of fact as to whether a lesser-included offense charge was submitted to
the jury and whether Applicant was entitled to such a charge. The trial court shall also make
any further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.